**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHAWN CHARLES GOFF,

      Plaintiff-Appellant,

v.

TRINITY SERVICES GROUP; KEEFE
COMMISSARY NETWORK LLC;
THOMPSON, Unknown; Warden; PAM
SMITH, Food Service Liason;
UNKNOWN PARTIES, Complex Food
Service Staff Director; Inspection Team;
Unit Manager; Dietician; Office
Representative; UNKNOWN PARTY,
Department Religious and Volunteer
Services Administrator; UNKNOWN
PARTY, Division Director for Prison
Operations; KIMBLE, Unknown;
Complex Warden; KINGSLAND, Senior
Chaplain: Unknown; WILLIAM R.
THOMAS, Senior Chaplain; CHARLES L
RYAN, Previous Director; DAVID
SHINN, Director, Current Director,

      Defendants-Appellees.

No.   23-15929

D.C. No. 2:20-cv-01288-DLR

MEMORANDUM[*]

Appeal from the United States District Court

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted December 12, 2024[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Shawn Charles Goff, an inmate at Arizona State Prison Complex-Lewis (ASPC-Lewis), appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action arising from his prison diet. Goff appeals the district court's finding after a bench trial that Trinity Services Group (Trinity) served nutritionally adequate meals in compliance with the Eighth Amendment. *See* U.S. Const. amend. VIII. Goff also appeals the district court's dismissal at the screening stage of his First Amendment claim that meal plans available to prisoners at ASPC-Lewis fail to satisfy the requirements of his Wiccan faith and the district court's dismissal at the screening stage of David Shinn, the Director of the Arizona Department of Corrections (ADOC). *See* U.S. Const. amend. I. Reviewing de novo,[1] we affirm.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] *ASARCO LLC v. Atl. Richfield Co., LLC*, 975 F.3d 859, 865 (9th Cir. 2020); *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017).

The district court properly ruled that Trinity did not violate Goff's Eighth Amendment rights. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). At trial, Goff failed to establish the two elements of an Eighth Amendment claim: (1) a deprivation sufficiently serious to constitute cruel and unusual punishment and (2) that the officials perpetrating the deprivation acted with "deliberate indifference" to his unconstitutional conditions. *See Wilson v. Seiter*, 501 U.S. 294, 297, 111 S. Ct. 2321, 2323, 111 L. Ed. 271 (1991); *see also LeMaire v. Maass*, 12 F.3d 1444, 1451 (9th Cir. 1993). On appeal, Goff reiterates the argument that the Common Fare diet Trinity designed is unconstitutional because it does not contain sufficient vitamins and minerals to adequately maintain his health, but the district court correctly found that Goff failed to show any negative health consequences as a result of the Common Fare diet.[2] Further, even if Goff had shown that the Common Fare diet was inadequate to maintain his health, he provided no evidence that Trinity acted with deliberate indifference to his constitutional rights. Thus, the district court correctly found that Goff failed to prove Trinity violated his Eighth Amendment rights.

The district court also properly dismissed Goff's First Amendment claim. Goff failed to state a free exercise claim because he did not allege that the

---

[2] *LeMaire*, 12 F.3d at 1456.

Common Fare diet substantially burdened his religious practice.  *See Jones v. Williams*, 791 F.3d 1023, 1031–32 (9th Cir. 2015).  While Goff may prefer an ovo-lacto diet, he did not allege that the Common Fare diet substantially pressures him to violate his Wiccan beliefs.  *See id.* at 1031–32, 1035.

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**